**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

Leonardo Castro-Garay,

               Plaintiff,    Case No. 19-cv-10575

v.                                    Judith E. Levy
                                     United States District Judge
Patrick Warren,

                                     Mag. Judge Patricia T. Morris
             Defendant.

_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF
HABEAS CORPUS [1]**

Petitioner Leonardo Castro-Garay has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated at the Macomb County Correctional Facility in New Haven, Michigan. He challenges his 2018 state-court convictions for two counts of armed robbery. Because it is apparent from the face of the petition that habeas relief is not warranted, the Court will dismiss the petition.

**I.    Legal Standard**

The Court must undertake a preliminary review of a habeas petition to determine whether "it plainly appears from the face of the

petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court may summarily dismiss the petition. Rule 4; *Crump v. Lafler*, 657 F.3d 393, 396 n.2 (6th Cir. 2011) (citing *McFarland v. Scott*, 512 U.S. 849, 856 (1994)). Rule 4 permits the Court to dismiss a habeas petition *sua sponte*—without a request from either party—if the petition raises legally frivolous claims or contains factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999).

## II.    Discussion

Petitioner pleaded guilty in Kent County Circuit Court to two counts of armed robbery, Mich. Comp. Laws § 750.529. Petitioner entered his plea pursuant to a *Cobbs* evaluation that his minimum sentence would not exceed eight years. *See* Pet's Brief at 1; *People v. Cobbs*, 443 Mich. 276 (1993) (permitting a defendant to enter a guilty plea in reliance on the trial court's initial evaluation as to the appropriate sentence, subject to the defendant's right to withdraw the plea if the sentence imposed exceeds the preliminary evaluation). On January 30, 2018, the

trial court sentenced Petitioner to two concurrent terms of 8 to 50 years imprisonment. The Michigan Court of Appeals and Michigan Supreme Court denied Petitioner's applications for leave to appeal. *People v. Castro-Garay*, No. 344141 (Mich. Ct. App. July 11, 2018); *People v. Castro-Garay*, No. 158287, 920 N.W.2d 600 (Mich. Dec. 21, 2018). Petitioner then filed this habeas corpus petition. He raises the same claim raised on direct appeal in state court: the trial court denied Petitioner his right to meaningful allocution by failing to ascertain evidence of the causes of his criminal character or conduct.

The Supreme Court has held that a trial court's failure to ask a defendant whether "he has anything to say before sentence is imposed is not of itself an error of the character or magnitude cognizable under a writ of habeas corpus." *Hill v. United States*, 368 U.S. 424, 428 (1962); *see also Goff v. Bagley*, 601 F.3d 445, 464 (6th Cir. 2010) (holding there is no right to allocution under the federal constitution but there may be an ineffective assistance claim arising from the failure to object to a defendant's denial of an opportunity to allocute).[1] And although

---

[1] A majority of circuit courts agree with the Sixth Circuit's conclusion that the right of allocution is not guaranteed by the U.S. Constitution. *See Bird v. Wilson,* 647 F. App'x 891, 893 (10th Cir. 2016) (finding no constitutional right to allocution);

Petitioner cites a right of allocution pursuant to a Michigan statute, "federal habeas corpus relief does not lie for errors of state law." *Thomas v. Stephenson*, 898 F.3d 693, 700 (6th Cir. 2018) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991)). Rather, federal courts are "limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle*, 502 U.S. at 68.

Because there is no federal constitutional right to allocution at sentencing, Petitioner cannot show that the error he cites regarding the

---

*Shelton v. Carroll*, 464 F.3d 423, 441 (3d Cir. 2006) (habeas relief unavailable for a claim that defendant denied right of allocution because: "The Supreme Court has not held that criminal defendants have a constitutional right to allocution"); *United States v. Purkey*, 428 F.3d 738, 761 (8th Cir. 2005) ("[T]he right to allocution does not emanate from the Constitution."); *United States v. Hall*, 152 F.3d 381, 395-96 (5th Cir. 1998), abrogated on other grounds, *United States v. Martinez-Salazar*, 528 U.S. 304 (2000) (holding there is no constitutional due process right to allocution); *United States v. Li*, 115 F.3d 125 (2d Cir. 1997) ("right to a sentencing allocution is a matter of criminal procedure and not a constitutional right"); *United States v. Fleming*, 849 F.2d 568, 569 (11th Cir. 1988) ("[T]he right to allocution is *not* constitutional.") (emphasis in original).

Only two circuit courts have found a due process violation where a defendant *affirmatively* requests to speak prior to sentencing but is denied the opportunity to do so. *See Boardman v. Estelle*, 957 F.2d 1523, 1529 (9th Cir. 1992) (holding that, where a defendant makes an affirmative request to speak before sentencing and the trial court denies the request, the defendant has not received due process); *Ashe v. North Carolina*, 586 F.2d 334, 336 (4th Cir. 1978) ("[W]hen a defendant effectively communicates his desire to the trial judge to speak prior to the imposition of the sentence, it is a denial of due process not to grant the defendant's request.").

failure to ascertain evidence of his criminal character or conduct denied him a right under federal law. Therefore, Petitioner's claim that he was denied his right to meaningful allocution is not a valid habeas claim. Because the petition fails to allege a violation of the Constitution, relief is denied.

## III. Conclusion

For the reasons set forth above, the petition is DENIED.

Further, reasonable jurists would not debate the Court's assessment of Petitioner's claim, nor conclude that the issues deserve encouragement to proceed further. The Court therefore DENIES Petitioner a certificate of appealability under 28 U.S.C. § 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Furthermore, the Court denies Petitioner leave to proceed on appeal *in forma pauperis* because any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

IT IS SO ORDERED.

Dated: April 17, 2019.　　　　　s/ Judith E. Levy
　Ann Arbor, Michigan　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 17, 2019.

s/Shawna Burns
SHAWNA BURNS
Case Manager
